UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on November 3, 2016

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 17- |
| | : | |
| v. | : | Grand Jury Original |
| | : | |
| ROBERT McCLOUD | : | 18 U.S.C. § 371 (Conspiracy); |
| | : | 18 U.S.C. § 1343 (Wire Fraud); |
| Defendant. | : | 18 U.S.C. § 1341 (Mail Fraud); |
| | : | 22 D.C. Code §§ 3241(b) and 3242(a) |
| | : | (Uttering a Forged Instrument). |
| | : | |
| | : | Criminal Forfeiture: |
| | : | 18 U.S.C. § 981(a)(1)(C), |
| | : | 28 U.S.C. § 2461(c), and |
| | : | 21 U.S.C. § 853(p). |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

(Conspiracy)

**Introduction**

At all times material to this Indictment:

1. 22 K Street, NW, Washington, D.C. ("22 K Street, NW") was a three-story attached row house built in 1900 purchased by a husband and wife, who are identified in these proceedings as L.B. and S.B., on November 22, 1982, for $28,000, partially paying for the property by taking out a mortgage loan. Around 2004 or 2005 the mortgage loan was paid in full and L.B. and S.B. owned the property free and clear. L.B. died in April 2015.

2. 6408 16th Street, NW, Washington, D.C. ("6408 16th Street, NW") was a two-story single family home built in 1937 and purchased by a husband and wife, who are identified in these

1

proceedings as L.G. and A.G., on August 8, 1972, for about $50,000. By the time of these events, the property was free and clear of any mortgages. L.G. died in 1987.

3. Ownership in real estate properties could be transferred, or conveyed, by deed. The owner of the property, called a "Grantor," would sign a deed transferring title to the property to a "Grantee," or person receiving the property.

4. For a deed to be genuine, the Grantor's signature would need to be witnessed and notarized by a Notary Public, a person authorized by the District of Columbia or by a state to act as an impartial witness and to certify that a particular person actually signed a document.

5. Deeds for homes located in the District of Columbia were filed with the Office of the Recorder of Deeds ("Recorder of Deeds"), which was responsible for preserving all of the records showing ownership or interest in the properties, collecting the transfer taxes and filing fees, and maintaining all of these records for public inspection. Records of liens, that is, notices that the property was encumbered by a debt, would also be kept by the Recorder of Deeds. Money might be owed because of a mortgage loan, unpaid real estate taxes, water and sewage bills, home improvement charges, or because the owner of the property owed money to another person.

6. If owners were to sell their house to a new buyer, the sale was handled by a title and escrow company. The title and escrow company researched the ownership of the property through filed deeds and debts outstanding through filed liens to determine who should share in the sales proceeds.

7. Once the title and escrow company completed the research of the property's deeds and liens, and finished other unrelated preliminary tasks, there was a meeting, called a "settlement" or "closing," where the buyer and the seller appeared in person to sign various documents, including

the deed which is the formal document transferring the ownership of the property from the seller to the buyer.

### The Conspiracy

8. From at least in or about January 2015, and continuing thereafter through at least in or about June 2015, in the District of Columbia and elsewhere, defendant ROBERT McCLOUD did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree with other persons both known and unknown to the grand jury to commit offenses against the United States, that is:

   a.   wire fraud, by engaging in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises and for the purpose of executing and attempting to execute the scheme to defraud, caused an interstate wire transmission, in violation of 18 U.S.C. § 1343; and

   b.   mail fraud, by engaging in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises and for the purpose of executing and attempting to execute the scheme to defraud, knowingly caused to be delivered mail matter, in violation of 18 U.S.C. § 1341.

### Goal of the Conspiracy

9. It was a goal of the conspiracy that defendant ROBERT McCLOUD, along with other conspirators, would steal money by selling and attempting to sell residential real estate, which they did not own, to unsuspecting buyers, collecting for themselves the sales proceeds which rightfully belonged to the true owners of the properties and causing a loss to the true owners, the buyers, and the title and escrow company.

### Manner and Means

It was a part of the conspiracy that:

10. The conspirators identified vacant or seemingly abandoned properties in the District of Columbia, and then prepared and filed forged deeds with the Recorder of Deeds transferring the properties into fictitious names.

3

11. The conspirators agreed to sell these properties to legitimate purchasers.

12. The conspirators arranged with unsuspecting title and escrow companies to finalize the sale and transfer of these properties.

13. When the conspirators were successful in finalizing the transactions and closed on the real estate sales, they then shared the fraudulently-obtained sales proceeds amongst themselves.

## Overt Acts

14. In furtherance of the conspiracy and to effect the object thereof, defendant ROBERT McCLOUD, along with other members of the conspiracy, committed the following overt acts, among others, in the District of Columbia and elsewhere:

### 22 K Street, NW

a. On April 9, 2015, in the District of Columbia, the defendant ROBERT McCLOUD filed a forged Intra-Family deed with the District of Columbia's Recorder of Deeds purporting to show that the property at 22 K Street, NW, was transferred from the true owners to a fictitious person, a Lawrence Barnett. The deed contained the forged signatures of both L.B. (who was already deceased at the time of the deed) and S.B.

b. In a sales contract dated May 9, 2015, a conspirator signed the fictitious name Lawrence Barnett agreeing to sell 22 K Street, NW for $225,000.

c. On May 19, 2015, in the District of Columbia, the defendant ROBERT McCLOUD appeared at the title and escrow company pretending to be Lawrence Barnett in order to close the transaction for 22 K Street, NW, presenting a California driver's license with his photograph but in the name of Lawrence Anthony Barnett, signing the settlement documents using the name Lawrence Barnett, and selling 22 K Street, NW, for $225,000.

d. On or about May 20, 2015, in the District of Columbia and elsewhere, following the instructions of the conspirators, the title and escrow company sent by wire transfer $195,527, which were the proceeds of the sale of 22 K Street, NW, to a Wells Fargo Bank account, which had been opened five days previously and carried a $50 balance, in the name of Lawrence Barnett.

e. Between in or about May 21, 2015, through May 22, 2015, conspirators withdrew approximately $43,000 from the account.

### 6408 16th Street, NW

f. On or about May 22, 2015, in the District of Columbia, conspirators arranged for a forged intra-family deed, using the same notary's name as on the forged 22 K Street, NW, deed, to be filed with the District of Columbia's Recorder of Deeds purporting to show that the property at 6408 16th Street, NW, was transferred from the true owners to a fictitious person, a Roberto Gullattee. The deed contained the forged signatures of both L.G. (who was already deceased at the time of the deed) and A.G.

g. In a sales contract dated May 20, 2015, a conspirator signed the fictitious name Roberto Gullattee agreeing to sell 6408 16th Street, NW for $400,000.

h. On or about June 5, 2015, in the District of Columbia, the defendant ROBERT McCLOUD appeared at the title and escrow company pretending to be Roberto Gullattee. Defendant ROBERT McCLOUD presented a California driver's license with his photograph but in the name of Roberto Cezar Gullatte (sic). Defendant ROBERT McCLOUD signed the settlement documents using the name Roberto Gullattee, agreeing to sell 6408 16th Street, NW, for $400,000.

i. On or about June 8, 2015, following the instructions of the conspirators, the title and

escrow company sent by wire transfer the net sales proceeds of $384,955 to a Roberto Gullattee Bank of America account which had been opened three days previously carrying a $50 balance prior to the sales proceeds' deposit.

**(Conspiracy to Commit Wire Fraud and
Mail Fraud, in violation of
Title 18, United States Code, §§ 371, 1343, and 1341).**

## COUNT TWO

### (Wire Fraud)

15. From in or about January 2015 to June 2015, in the District of Columbia and elsewhere, defendant ROBERT McCLOUD, with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent nature, a scheme to defraud and to obtain money and property by materially false and fraudulent pretenses, representations, and promises, as more fully described below.

16. Paragraphs 1 through 7 and 9 through 14 of Count One of this indictment are hereby realleged and contain the description of the above-mentioned scheme.

17. On or about May 20, 2015, in the District of Columbia and elsewhere, for the purpose of executing and attempting to execute the above-described scheme to defraud, defendant ROBERT McCLOUD did cause to be transmitted by means of wire communication in interstate commerce from the District of Columbia certain writings, signals, and sounds, that is, wire transfer instructions directing the title and escrow company's bank to send the sales proceeds for the sale of 22 K Street, NW, that being funds in the amount of $195,527, to a Wells Fargo Bank account in the name of Lawrence Barnett.

**(Wire Fraud, in violation of
Title 18, United States Code, § 1343).**

## COUNT THREE

### (Mail Fraud)

18. From in or about January 2015 to June 2015, in the District of Columbia and elsewhere, defendant ROBERT McCLOUD, with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent nature, a scheme to defraud and to obtain money and property by materially false and fraudulent pretenses, representations, and promises, as more fully described below.

19. Paragraphs 1 through 7 and 9 through 14 of Count One of this indictment are hereby realleged and contain the description of the above-mentioned scheme.

20. On or about June 4, 2015, in the District of Columbia and elsewhere, for the purpose of executing and attempting to execute the above-described scheme to defraud, defendant ROBERT McCLOUD knowingly caused to be delivered by a private and commercial interstate carrier according to the direction thereon, from the State of Maryland to the District of Columbia (specifically the title and escrow company) mail matter, that is, documents for the settlement of 6408 16th Street, NW, so to effectuate the settlement of the transaction leading to the wiring of the seller's funds to the bank account opened in the fictitious name of Roberto Gullattee.

**(Mail Fraud, in violation of Title 18,
United States Code, § 1341).**

## COUNT FOUR

### (Uttering a Forged Instrument)

21. The Grand Jury re-alleges and incorporates by reference the allegations of paragraphs 1 through 7, and 9 through 14 of this Indictment as if fully set forth herein.

22. On or about April 9, 2015, within the District of Columbia, defendant ROBERT McCLOUD, with intent to defraud and injure another did deliver, transfer, published, transmit, used, and present to the District of Columbia's Recorder of Deeds, as true and genuine, a falsely made and altered written instrument that purported to be a certificate of interest in tangible property, a written instrument which may evidence, create, transfer, terminate, and affect a legal right, interest, and obligation, and having a value of in excess of $10,000, that is, a forged Inter-Family Deed purporting to transfer ownership of the property located at 22 K Street, NW, Washington, D.C., from true owners L.B. and S.B. to a fictitious person, Lawrence Barnett, knowing the Deed was falsely made, altered, forged, and signed.

**(Uttering, in violation of 22 District of Columbia Code, Sections 3241(b) and 3242(a)).**

## FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Count One through Count Three of this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p)).**

A TRUE BILL

FOREPERSON.

*Channing D. Phillips/JPM*

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF
COLUMBIA